UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JACK MORTON MORTON #139579,

    Plaintiff,

v.                                      No.: 3:14-cv-11
                                                   (VARLAN/SHIRLEY)

STATE OF TENNESSEE,
TENNESSEE DEPARTMENT OF CORRECTION,
TENNESSEE BOARD OF PROBATION AND PAROLE,
FIELD OFFICER MARCUS MILLER,
and SUPERVISOR BEVERLY KERR,

    Defendants.

**MEMORANDUM**

This *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 was filed *in forma pauperis* in the United States District Court for the Western District of Tennessee and transferred to this Court without service of process. For the reasons stated below, process shall not issue and this action will be **DISMISSED**.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC). He alleges that his state parole was improperly revoked, and he seeks money damages as well as injunctive relief. As defendants he has named the State of Tennessee, the TDOC, the Tennessee Board of Probation and Parole (BOPP), BOPP Field Officer Marcus Miller, and BOPP Supervisor Beverly Kerr.

The Court notes at the outset that the State of Tennessee and the TDOC are not suable entities within the meaning of 42 U.S.C. § 1983. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("suit against the State and its Board of Corrections is barred by the Eleventh Amendment"). The Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments [ ]." *Thiokol Corp. v. Dep't of Treasury, Sate of Mich., Revenue Div*., 987 F.2d 376, 381 (6th Cir. 1993). Likewise, the BOPP enjoys absolute immunity from suit under the Eleventh Amendment. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005).

With respect to defendants Miller and Kerr, plaintiff's complaint fails to state a claim for relief under § 1983 at this time.

> [C]laims which challenge the revocation of parole are not cognizable under § 1983 until the parole revocation "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

*Phillips v. Coleman*, No. 98-4131, 1999 WL 776189 at *2 (6th Cir. 1999) (unpublished decision) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Plaintiff has not demonstrated the invalidity of his parole revocation by either a state or federal habeas corpus decision.

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action will be **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The Court will **CERTIFY** that any appeal from

3

Case 3:14-cv-00011-TAV-CCS   Document 8   Filed 01/16/14   Page 3 of 4   PageID #: 51

this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

4